Nott, J.,
delivered the opinion of the court:
This is an action under the Abandoned or captured property act to recover the proceeds of five hundred and eighty-three bales of cotton captured at Savannah, alleged to be not less than $100,000 in gold.
The claimant here seeks the proceeds of five hundred and eighty-three bales of cotton, but the quartermaster’s books of captured cotton credit him with but two hundred and thirty-nine bales of upland.
The claimant answers, first, by bringing in the original shiping-books of the quartermaster, being memorandum books in pencil, and asserting that certain entries therein originally stood accredited to the claimant, and that they have been altered. Examined by a magnifying-glass, the claimant’s name appears to have stood originally'at the head of the page, and to have been partially erased, and to have been over-written with the words “claimant unlmo-wn.”
The claimant has shown that he owned a much larger quantity of cotton than is credited to him elsewhere on the quarter* *448 master’s book, generally known as Book E, and be now produces tbe books of original entry and shows that as they originally stood captured cotton was credited to him. The books have been in the custody of the defendants, and were kept by their officers and agents in the first place; undoubtedly if they wish to avail themselves of the erasures and subsequent overwriting, the burden rests on them to explain, establish, and justify the alterations. But the original entries receive very strong confirmation from circumstances which will be presently pointed out.
The claimant, as has been said, seeks to recover the proceeds of five hundred and eighty-three bales, and he reported that quantity to the quartermaster at Savannah. But when we exclude some testimony of a general nature, the evidence of specific parcels owned by him is as follows:
Bought of Erwin & Hardee. 56 56
Bought of Davis from. 150 to 175
Bought of Hamilton from.: 130 to 140
In the aggregate, from. 336 to 371
Beferring now to the quartermaster’s books we find— Book E, upland.:.239
Erased entries, upland. 60
— 299
Erased entries, séa-island. 12
Erased entries, sea-island. 52
— 64
Aggregate. 363
being an amount in the aggregate almost precisely agreeing with the positive evidence of what the claimant owned. Thus the evidence confirms the erased entries, and the erased entries confirm the evidence, and the agreement is so marked as to leave little doubt that the amount really owned and really captured was neither more nor less than three hundred and sixty-three bales.
In this case we are satisfied of the generally loyal conduct of the claimant. Some specific acts are shown which may be considered on appeal if the defendants so eject. But whether they *449 be deemed material or immaterial, tlie claimant will be entitled to recover by reason of the 'Proclamation 25th December, 1868, (15 Stat. L., p. 711,) under the decision in WiilmosMs Case, {ante, p —.)
The judgment of the court is, that the claimant recover the proceeds in the Treasury of two hundred and ninety-nine bales of upland cotton captured at Savannah, at $175.33 per bale, and of sixty-four bales of sea-island cotton, at $231.79 per bale, amounting in the aggregate to $67,258.23.